1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10              **EASTERN DIVISION**

11 **CARL S. MULAY,**                          )
                                               )
12              **Plaintiff,**                 )        **Case  No. EDCV 13-2045 AJW**
                                               )
13        **v.**                               )        **MEMORANDUM OF DECISION**
                                               )
14 **CAROLYN W. COLVIN,**                      )
   **Acting Commissioner of Social**           )
15 **Security          ,**                     )
                                               )
16              **Defendant.**                 )
   _____         )

17

18        Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the

19 Social Security Administration (the "Commissioner"),[1] denying plaintiff's application for disability

20 insurance benefits and supplemental security income ("SSI") benefits.  The parties have filed a Joint

21 Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

22                              **Administrative Proceedings**

23        The parties are familiar with the procedural facts.  [See JS 2-3].  In a January 12, 2012 written

24 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law

25 judge (the "ALJ") concluded that plaintiff was not disabled prior to August 11, 2010 because he retained

26 the residual functional capacity ("RFC") to perform his past relevant work, and that plaintiff was not

27
   _____

28        [1]   Carolyn W. Colvin, who became the Acting Commissioner on February 14, 2013, is
   substituted for her predecessor, Michael J. Astrue.  See Fed. R. Civ. P. 25(d).

1   disabled beginning on August 11, 2010 because his RFC did not preclude him from performing alternative

2   jobs available in significant numbers in the national economy. [AR 20-32].

## Standard of Review

4        The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

5   evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.

6   2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than

7   a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.

8   2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

9   Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is

10  required to review the record as a whole and to consider evidence detracting from the decision as well as

11  evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006);

12  Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than

13  one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

14  Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

15       **Credibility finding**

16       Plaintiff contends that the ALJ's credibility determination was not supported by substantial evidence.

17  [See JS 5-14].

18       Once a disability claimant produces evidence of an underlying physical or mental impairment that

19  is reasonably likely to be the source of the claimant's subjective symptoms, the adjudicator is required to

20  consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885

21  (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§

22  404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may

23  then disregard the subjective testimony she considers not credible, she must provide specific, convincing

24  reasons for doing so. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); see also Moisa, 367 F.3d

25  at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the claimant's

26  subjective testimony without providing "clear and convincing reasons"). The ALJ's credibility findings

27  "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's

28  testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367

F.3d at 885.   If the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented," including the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; (4) the type, dosage, effectiveness and adverse side effects of any pain medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other measures used by the claimant to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional restrictions due to such symptoms.  See 20 C.F.R. §§ 404.1529(c) (3), 416.929(c)(3); see also Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms).   The ALJ also may employ "ordinary techniques of credibility evaluation," considering such factors as: (8) the claimant's reputation for truthfulness; (9) inconsistencies within the claimant's testimony, or between the claimant's testimony and the claimant's conduct; (10) a lack of candor by the claimant regarding matters other than the claimant's subjective symptoms; (11) the claimant's work record; and (12) information from physicians, relatives, or friends concerning the nature, severity, and effect of the claimant's symptoms.  See Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Because there was no evidence of malingering, the ALJ was required to articulate specific, clear, and convincing reasons to support his negative credibility finding.

### Plaintiff's subjective testimony

In his hearing decision, the ALJ summarized plaintiff's subjective symptom testimony as follows.[2] Plaintiff last worked as a bus driver from June 2009 through March 10, 2010, when he was laid off.[3] He completed long-haul drives to and from Texas while working as a bus-driver.  He began to experience

---

[2]   Plaintiff stipulated that the ALJ fairly and accurately summarized the medical and non-medical evidence of record, except as specifically stated in his portion of the joint stipulation. [See JS 4].  Plaintiff did not take issue with the ALJ's summary of his testimony.

[3]   Plaintiff testified that he was laid off for "lack of work." [AR 40].

physical problems around the time he was laid off.  He could no longer work due to problems with his legs, foot, arms, and right elbow; heartburn; and fatigue.  Due to a foot ulcer, numbness and swelling of his legs, and a left lower extremity fracture, he felt unstable when he walked.  He developed a slight limp after an open reduction internal fixation procedure on his left lower extremity.  He managed his diabetes mellitus with diet, medication, and by walking eight blocks daily.  His medications caused drowsiness three to four times a week. [AR 25].

Plaintiff lived with his sister and depended on food stamps.  On a typical day, he prepared breakfast, dressed himself, and went to the library for several hours to read or use the computer.  He traveled to and from the library by public bus.  It took him about half an hour to walk to and from the bus stop at each end.  He also shopped for groceries. [AR 25].

Plaintiff testified that he could stand no longer than 30 to 45 minutes, sit no longer than 15-20 minutes, walk no longer than five to ten minutes at a time, and stand and walk for a total of 30 minutes in an eight-hour day. [AR 25; see JS 47-48].

The ALJ gave the following reasons for rejecting the alleged severity of plaintiff's subjective complaints.  First, plaintiff's allegations of disabling pain and depression were inconsistent with the objective medical evidence. [AR 25].  Second, plaintiff worked as a bus driver at the substantial gainful activity level after his alleged onset date and stopped working due to a business-related layoff rather than on account of his alleged impairments.[4] [AR 22, 25].  Third, plaintiff's contention that his condition gradually worsened after his layoff was not supported by medical evidence in the record, which included notations of missed doctor's appointments and an absence of recent treatment and laboratory reports. [AR 25-26].  Fourth, plaintiff was noncompliant with some treatment recommendations and prescribed medications, suggesting that his symptoms were not as severe as alleged. [AR 26]. Fifth, plaintiff "engaged in a somewhat normal level of daily activity and interaction." [AR 26]. Sixth, plaintiff's subjective allegations contained inconsistencies that diminished his credibility.  [AR 25, 26].

Plaintiff contends that the ALJ erred in relying on plaintiff's noncompliance with recommended

---

[4]    The ALJ also found that plaintiff's work as a bus-driver constituted substantial gainful activity for the period from June 2009 (plaintiff's alleged onset date) through December 2009. [AR 22].  Plaintiff does not challenge that determination.

1   treatment because the Commissioner "may only make a determination that a claimant failed to follow

2   prescribed treatment" when that treatment "is clearly expected to restore capacity to engage in a substantial

3   gainful activity and the refusal to follow prescribed treatment was not justifiable." [JS 8 (citing SSR 82-59;

4   Warre v. Comm'r of the Soc. Sec. Admin., 439 F.3d 1001, 1006  (9th Cir. 2005))].   That argument is

5   misguided.

6         Under the Commissioner's regulations, "[a]n individual *who would otherwise be found to be under*

7   *a disability*, but who fails without justifiable cause to follow treatment prescribed by a treating source which

8   the Social Security Administration (SSA) determines can be expected to restore the individual's ability to

9   work, cannot by virtue of such 'failure' be found to be under a disability."  SSR 82-59, 1982 WL 31384,

10  at *1 (emphasis added); see 20 C.F.R. §§ 404.1530, 416.930.   Specific criteria must be met for the

11  Commissioner to make a determination of unjustifiable "failure."  SSR 82-59, 1982 WL 31384, at *1. The

12  ALJ did not find that plaintiff would otherwise be disabled but unjustifiably refused to follow prescribed

13  treatment that would have restored his ability to work. Instead, the ALJ permissibly discredited plaintiff's

14  subjective allegations based, in part, on evidence that plaintiff missed or failed to schedule doctor's

15  appointments and laboratory work and was noncompliant with treatment recommendations regarding diet,

16  exercise, regular blood sugar level checks, taking his prescribed medication, and attending a diabetes

17  management class. [AR 25-27,  258, 319-320, 322-323, 326].  As the ALJ noted, one of plaintiff's treating

18  physicians wrote in a June 2010 progress note that plaintiff asked her to fill out a welfare form, and she

19  advised him that she "cannot fill out the form to say he's 'disabled,' esp[ecially] since [plaintiff] has been

20  very non-compliant and hasn't been seen since 12/09, no labs since 7/09, and has been missing his

21  [appointments] . . . . Compliance highly advised." [AR 302 (emphasis in original); see AR 25, 27].  See

22  Bunnel, 947 F.2d at 346 (stating that the "unexplained, or inadequately explained failure to seek treatment

23  or follow a prescribed course of treatment" is relevant in assessing the credibility of subjective testimony).

24        Plaintiff also contends that the ALJ erred in rejecting the alleged severity of plaintiff's subjective

25  complaints in part because he "engaged in a somewhat normal level of daily activity and interaction." [AR

26  26]. Plaintiff argues that the ALJ failed adequately to explain how those activities translated into the ability

27  to work on a full-time, competitive basis. [JS 8].

28        The ALJ may use "ordinary techniques of credibility evaluation," considering, for example,

1   "whether the claimant engages in daily activities inconsistent with the alleged symptoms."  Molina v.

2   Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).  "While a claimant need not vegetate in a dark room in order

3   to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports

4   participation in everyday activities indicating capacities that are transferable to a work setting.  Even where

5   those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's

6   testimony to the extent that they contradict claims of a totally debilitating impairment."  Molina, 674 F.3d

7   at 1112-1113 (internal quotation marks and citations omitted).

8         Plaintiff testified that living with his sister was very stressful and not a "good environment," so

9   almost every day he left the house after preparing breakfast and getting dressed. [AR 42-43].  He walked

10  about three blocks to the bus stop, which took him 15 to 20 minutes, and took a 30-minute bus ride to the

11  downtown bus terminal.  He then walked another "few blocks" to the library, where he remained until "later

12  in the evening, afternoon," when took the bus home again. [AR 42-43, 47-48].  While at the library, plaintiff

13  used the computer for the two hours he was permitted to do so, and then did "a lot of reading books and stuff

14  like that." [AR 43-44].  If he needed to buy something, he stopped at the store while he was out. [AR 43].

15        Plaintiff's testimony demonstrates he voluntarily maintained a regular daily schedule of commuting

16  by bus to and from the library, where he spent the day engaged in some activities that are transferable to

17  work setting, and that in any event are inconsistent with his subjective allegations of disabling impairments.

18  Even if plaintiff's attendance at the library was less demanding than regular, full-time employment, the ALJ

19  did not err in inferring that plaintiff's ability to sustain a work-like routine undermined the credibility of his

20  subjective complaints. See Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (stating that if a claimant

21  "is able to spend a *substantial* part of [his or her] day engaged in pursuits involving the performance of

22  physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient

23  to discredit a claimant's allegations") (italics in original) (quoting Morgan, 169 F.3d at 600); see also

24  Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (holding that the ALJ

25  permissibly rejected the alleged severity of the claimant's subjective complaints of debilitating fatigue

26  based, in part, on his ability to exercise and "undertake several projects," including "gardening and

27  community activities"); Buffa v. Colvin, 2015 WL 1471933, at *5 (C.D. Cal. Mar. 31, 2015) (holding that

28  the ALJ permissibly found that the claimant's daily activities were inconsistent with his allegedly disabling

1    activities where he was able to manage his activities of daily living without limitation,  including going out

2    every day, taking classes, and sometimes spending all day on the computer);  Aubert v. Colvin, 2014 WL

3    6851857, at *14 (D. Mont. Dec. 3, 2014) (holding that although the claimant's activities of daily living

4    "were not extensive, they did not support allegations that he could not get up due to depression and could

5    not do simple tasks on a regular basis" where the claimant "was able to care for his personal needs, go to

6    the library, check email, and walk to the grocery store on a regular basis") (internal quotation marks,

7    brackets, and citation omitted); Porter v. Colvin, 2014 WL 465422, at *9 (C.D. Cal. Feb. 5, 2014) (holding

8    that the ALJ was entitled to rely on inconsistencies between the claimant's subjective complaints and her

9    daily activities, which included watching television, going to the library and checking out books, using the

10   library computer, going to the store, checking the mail, making dinner, and doing puzzles).

11          Plaintiff also argues that the ALJ erred in finding that plaintiff "consciously attempted to portray

12   limitations that are not actually present in order to increase the chance of obtaining benefits." [AR 26].

13   Specifically, the ALJ noted that plaintiff testified that he would "be lucky" if he could stand and walk for

14   a total of about half an hour in an eight-hour workday, yet he also testified that he walked at least half an

15   hour most days just to get from his home to the bus stop, and that was only part of the walking he did as part

16   of his commute to and from the library. [See AR 26, 43, 44-45, 47-48].  This inconsistency in plaintiff's

17   testimony was a factor that the ALJ could consider.  See Molina, 674 F.3d at 1112 (noting that "the ALJ

18   may consider inconsistencies either in the claimant's testimony or between the testimony").

19          The additional reasons given by the ALJ for discounting the credibility of plaintiff's subjective

20   symptoms–the absence of objective evidence corroborating the extent of his symptoms, his testimony that

21   he worked after his alleged onset date and was laid off for business reasons, and evidence contradicting his

22   testimony that his physical condition worsened soon after he was laid off–-also are clear, convincing, and

23   supported by substantial evidence in the record. [See AR 25].  See Greger v. Barnhart, 464 F.3d 968, 972

24   (9th Cir. 2006) (holding that the ALJ reasonably discredited the claimant's testimony where the claimant

25   reported that he did carpentry work "under the table" until a date well after his date last insured); Thomas,

26   278 F.3d at 958–959 ("The ALJ may consider . . . inconsistencies either in [the claimant's] testimony or

27   between [his] testimony and [his] conduct," and "testimony from physicians and third parties concerning

28   the nature, severity, and effect of the symptoms of which [the claimant] complains"); Bruton v. Massanari,

1    268 F.3d 824, 828 (9th Cir. 2001) (holding that the ALJ did not err in discrediting the claimant's subjective

2    complaints where the claimant "stated at the administrative hearing and to at least one of his doctors that

3    he left his job because he was laid off, rather than because he was injured"); Rollins, 261 F.3d at 857

4    ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by

5    objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the

6    claimant's pain and its disabling effects."); Brackett v. Comm'r of Soc. Sec. Admin., 468 Fed. Appx. 754,

7    755 (9th Cir. 2012) (holding that the ALJ permissibly discounted the claimant's subjective pain testimony

8    because the claimant's prescribed treatment was conservative, and he stopped working only when he was

9    laid off due to a plant closure); Coley v. Colvin, 2015 WL 1279244, at *4 (D. Ariz. Mar. 20, 2015) (holding

10   that the ALJ provided legally sufficient reasons for finding the claimant's subjective complaints not fully

11   credible where, among other things, the claimant "worked full-time for eight months as a haul truck driver"

12   after his alleged onset of disability and "admitted that he stopped working due to a business-related layoff

13   rather than because of the allegedly disabling impairments").

14          In his reply, plaintiff cites Soto-Olarte v. Holder, 555 F.3d 1089, 1092 (9th Cir. 2009) for the

15   proposition that "[o]nce a perceived inconsistency between the written record and the oral testimony arises,

16   the ALJ must confront the claimant with the inconsistency and if an explanation is made address that

17   explanation." [JS 14].  In Soto-Olarte, the Ninth Circuit held that because the immigration judge ("IJ") "did

18   not offer [the petitioner] an opportunity to explain the inconsistencies on which she later relied in finding

19   him not credible and did not address the explanation he gave for some of those inconsistencies, the IJ's

20   adverse credibility finding, which was subsequently adopted by the [Board of Immigration Appeals], was

21   not supported by substantial evidence." Soto-Olarte, 555 F.3d at 1092.  Plaintiff has cited no authority for

22   the proposition that the rule articulated in Soto-Olarte applies in adjudicating social security disability

23   appeals, which are governed by a different statutory and regulatory framework.  See, e.g., Ren v. Holder,

24   648 F.3d 1079, 1084 (9th Cir. 2011) (noting that "the REAL ID act established new standards for adverse

25   for adverse credibility determinations in proceedings on applications for asylum, withholding of removal,

26   and [Convention Against Torture] relief that . . . were submitted on or after May 11, 2005").  Other district

27   courts within the Ninth Circuit have rejected the contention that the rule articulated in Solo-Olarte applies

28   in the social security disability context. See Palomo v. Colvin, 2014 WL 4929040, at *7 n.6 (C.D. Cal. Oct.

1, 2014) (concluding that <u>Soto-Olarte</u> "does not support application of such a requirement in the Social

Security Context") (citing <u>Gonzales v. Colvin</u>, 2014 WL 4656470, *10 n.7 (C.D. Cal. Sep.17, 2014)

(rejecting an identical argument raised by plaintiff's counsel on behalf of different Social Security claimant);

<u>Montelongo v. Colvin</u>, 2014 WL 4627245, *10 (E.D. Cal. Sept.16, 2014) (same)); <u>accord</u>, <u>De La Torre v.</u>

<u>Colvin</u>, 2014 WL 6989185, at *5 (C.D. Cal. Dec. 9, 2014).

The ALJ's reasons for rejecting the alleged severity of plaintiff's subjective testimony were specific,

clear, and convincing. Therefore the ALJ did not err in evaluating the credibility of plaintiff's subjective

complaints.

### Subsequent award of benefits

Plaintiff contends that remand is warranted to consider the proper onset date in light of an April 20,

2014 decision finding that plaintiff was disabled and entitled to an award benefits for the period beginning

January 18, 2012, one day after issuance of the ALJ's adverse disability decision in this case.[5] [<u>See</u> JS 14-

24].

Plaintiff concedes that a finding of disability beginning one day after a prior, final decision denying

benefits is not per se good cause for a remand. [JS 15 (citing <u>Bruton</u>, 268 F.3d at 827)].   In <u>Bruton</u>, the

Ninth Circuit rejected the claimant's motion to remand in light of a subsequent award of benefits for the

period beginning one day after the date of the prior, final decision denying benefits. The Ninth Circuit

explained that

> [u]nder 42 U.S.C. § 405(g), remand is warranted only if there is new evidence that is
>
> material and good cause for the late submission of the evidence. New evidence is material
>
> if it bears directly and substantially on the matter in dispute, and if there is a reasonable
>
> possibility that the new evidence would have changed the outcome of the determination.

<u>Bruton</u>, 268 F.3d at 827 (quoting <u>Booz v. Sec'y of Health & Human Servs.</u>, 734 F.2d 1378, 1380 (9th

Cir.1984) (internal quotation marks, brackets, and ellipsis omitted)).   Because the claimant's "second

---

[5]    Plaintiff contends (and defendant does not dispute) that under the Commissioner's internal
policy guidelines, consideration of the question of disability for purposes of a subsequent application
for benefits is limited to the date of the application or one day after the date of the final decision on
a pending court case, whichever is later.  [JS 16].

1  application involved different medical evidence, a different time period, and a different age classification," the

2  subsequent decision to award benefits was "not inconsistent" with the prior, final decision denying

3  benefits. Bruton, 268 F.3d at 827.

4  Plaintiff contends that remand is warranted under Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010),

5  in which the Ninth Circuit affirmed the district court's order remanding a case for further factual

6  proceedings in light of a subsequent award of benefits for the period beginning one day after the date of the

7  adverse disability decision. In that case, the Commissioner and the claimant "agreed that the case should

8  be remanded to the agency to reconcile the denial of benefits based on [the claimant's] first application with

9  the grant of benefits based on her second application," but the claimant contended that proper remedy was

10  a remand for the payment of benefits, while the Commissioner contended that the proper remedy was a

11  remand for further administrative proceedings.   Luna, 623 F.3d at 1034.

12  Unlike in Luna, the Commissioner has not stipulated to remand this action.  The Commissioner does

13  not concede that there is any legal or factual basis for reversing the ALJ's denial of benefits or for

14  reconciling the denial of benefits in this action with the subsequent grant of benefits.  Plaintiff has not shown

15  that the ALJ's denial of benefits in this action lacked the support of substantial evidence in the record or was

16  legally erroneous.  Plaintiff also has not presented any new and material evidence showing that there is a

17  reasonable possibility that such evidence would have changed the ALJ's decision in this case so as to

18  warrant remand.[6]  Accordingly, plaintiff's contentions lack merit.

19  ///

20  ///

21  ///

22

23

24

25

26

27  [6]   Plaintiff states that he attached the April 20, 2014 Notice of Award as an exhibit to the joint
stipulation, but no exhibit was filed or attached to the Court's copy of the joint stipulation. [See
28  Docket No. 18].

1

**Conclusion**

2        For the reasons stated above, the Commissioner's decision is supported by substantial evidence and

3    is free of legal error.  Accordingly, the Commissioner's decision is **affirmed**.

4        **IT IS SO ORDERED.**

5    April 22, 2015

6

7        _____

8                    ANDREW J. WISTRICH
                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28